IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS GOWER, | : | No. 4:25cv580 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| JUDGE DANIEL CLIFFORD and | : | |
| MONTGOMERY COUNTY, | : | |
| Defendants | : | |

## ORDER

Pending before the court is the Report and Recommendation ("R&R") of Magistrate Susan E. Schwab recommending that the court transfer this case to the United States District Court for the Eastern District of Pennsylvania. (Doc. 8). No objection to the R&R has been filed and the time for such filing has passed.

In deciding whether to adopt an R&R when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court finds neither plain error nor manifest injustice on the face of the record. Plaintiff's complaint appears to relate to child custody litigation in the Montgomery County Court of Common Pleas. The plaintiff

contends that a judge of that court, Defendant Clifford, and Montgomery County conspired to deny him due process. Defendant Montgomery County is a municipality within the Eastern District of Pennsylvania. The court can reasonably infer that Defendant Clifford presides over state court custody proceedings in Norristown, within that district. The R&R appropriately reviews the general venue statute, 28 U.S.C. § 1391(b), and concludes that plaintiff's claims fall within the venue of the Eastern District of Pennsylvania, not the Middle District of Pennsylvania.

Magistrate Judge Schwab's analysis is sound. Plaintiff has not averred facts indicating that any of the defendants reside within the Middle District of Pennsylvania. 28 U.S.C. § 1391(b)(1). Additionally, the complaint can only be read in a manner indicating that a substantial part of these events or omissions giving rise to the claim occurred outside the Middle District of Pennsylvania. See 28 U.S.C. § 1391(b)(2); see also 23 PA. CONS. STAT. §§ 5421–5424 (setting forth the bases for jurisdiction of child custody proceedings under Pennsylvania law). Finally, the complaint does not contain facts indicating that there is no district where this action may otherwise be pursued. See 28 U.S.C. § 1391(b)(3).

The R&R also placed plaintiff on notice that his claims were not properly brought in this district and advised him that the court would consider *sua sponte* transfer of this action pursuant to 28 U.S.C. § 1406(a) rather than dismissal of his

case. The plaintiff did not respond to the R&R in a timely manner. Thus, there are no concerns regarding notice to the plaintiff of the court's next steps.

Seeing no basis for venue in this court and because it is in the interest of justice to transfer this action, it is hereby **ORDERED** that:

1) The R&R (Doc. 8) is **ADOPTED**;

2) The Clerk of Court is directed to transfer this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a); and

3) The Clerk of Court is directed to close this case in this district court.

BY THE COURT:

Date: 5-2-25

_____
JUDGE JULIA K. MUNLEY
United States District Court